UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CABLEVISION SYSTEMS NEW YORK
CITY CORPORATION,

                      Plaintiff,                          CV 01-8170

                -against-                         (Wexler, J.)

REGINA JAMES,

                      Defendant.
-------------------------------------------------------X
APPEARANCES:

        LEFKOWITZ, HOGAN & CASSELL, LLP
        BY: MICHAEL D. CASSELL. , ESQ.
        350 Jericho Turnpike Suite 100
        Jericho, New York 11753
        Attorneys for Plaintiff

        Regina James
        Defendant Pro Se
        1330 Fulton Street
        Brooklyn, New York 11216

WEXLER, District Judge

        Plaintiff Cablevision Systems New York City Corporation ("Plaintiff") commenced this action for violation of federal statutes that prohibit the unauthorized reception of cable television programming. Defendant Regina James ("Defendant") filed neither an answer nor other responsive pleading. Defendant's default was noted on March 10, 2003. On April 2, 2003, a judgment of default was entered. In a Report and Recommendation dated July 17, 2003, Magistrate Judge Wall recommended that $2,750 in statutory damages and $1,525 in attorneys' fees. The Report and Recommendation was adopted, without objection, on August 5, 2003. Judgement in the amount of $4,275 was entered on February 20, 2004.

1

Presently before the court is Defendant's motion, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, to vacate the judgment. Defendant argues that the judgment must be vacated because she was never served. It is asserted that the Defendant only became aware of this matter when, in 2007, her employer received a notice to garnish her wages. In support of the motion, Defendant has submitted a copy of a driver's license, issued by the State of Georgia in October of 2002. Defendant claims that she resided in Georgia until March of 2007 and that she was therefore unaware of this action.

Where, as here, a judgment of default has been entered, a motion to set aside that default is pursuant to Rule 60 of the Federal Rules of Civil Procedure. See FRCP 55 (providing for setting aside of default for good cause shown and, if judgment has been entered, pursuant to Rule 60). Rule 60(b)(4) provides that, on motion and "upon such terms that are just," a court may relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Defendant here claims that the judgment is void because she was never properly served. If service is improper, a default judgment rendered after such service is void and must be vacated. See United States v. Murphy, 2007 WL 2973585 *2 (E.D.N.Y. 2007).

Upon review of the documents submitted by Defendant, the court holds that Defendant has shown that the purported place of service was neither her residence nor usual place of abode. She, therefore, could not have been properly served at that address. Accordingly, the judgment of default in this action is hereby vacated, as is any writ of garnishment served pursuant thereto.

The Clerk of the Court is directed to vacate the default judgment.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 24, 2008

2